OPINION. Smith, Judge'. In this proceeding the petitioner contends that the respondent erred in including in his gross income any part of the net income of the business conducted under the name of S. Delp’s Sons which belonged, pursuant to the agreements of July 31,1931, and December 20, 1939, to Charles Delp; that Charles Delp was entitled to his share of the profits “by reason of his being a member of the partnership [S. Delp’s Sons] or as having a life interest in the corpus of the partnership from which the earnings were derived.” Section 3797 of the Internal Revenue Code defines a “partnership” as including: * * * a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term “partner” includes a member in such a syndicate, group, pool, joint venture, or organization. Ordinarily a partnership exists where two or more persons contribute property or services or both for the carrying on of a business under a contract which provides that the profits shall be divided among them. A mutual sharing of the profits or losses is a common characteristic of a partnership. Such an agreement existed between the petitioner and his brothers and sisters in carrying on the business of S. Delp’s Sons for 1941. Charles Delp was a party to the agreement and under it was entitled to receive and did receive %4 of the net income. We think that he was taxable upon that income and that the petitioner is not taxable upon any portion of it. In our opinion the respondent erred in his determination that the petitioner was taxable upon more than %4 of the net income of S. Delp’s Sons for 1941. Decision will be entered wider Rule 50.